1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA
10
11  LINDA LEE E.,[1]                    Case No.:  23cv770-LR

12                         Plaintiff,   **ORDER GRANTING JOINT**
                                        **MOTION FOR THE AWARD AND**
13  v.                                  **PAYMENT OF ATTORNEY FEES**
                                        **PURSUANT TO THE EQUAL**
14  CAROLYN W. COLVIN,[2]               **ACCESS TO JUSTICE ACT, 28**
    Acting Commissioner of Social Security  **U.S.C. §§ 1920; 2412(d)**
15
16                        Defendant.    **[ECF No. 16]**
17
18
19        On April 27, 2023, Plaintiff Linda Lee E. filed a complaint against the

20  Commissioner of the Social Security Administration ("Defendant"), seeking judicial

21  review of Defendant's decision to deny Plaintiff disability insurance benefits.  (See

22  Compl., ECF No. 1.)  On September 10, 2024, the Court issued an order reversing the

23

24  _____

25  [1] In the interest of privacy, this Order uses only the first name and initial of the last name of the non-
    government party or parties in this case.  See S.D. Cal. Civ. R. 7.1(e)(6)(b).
26
27  [2] Plaintiff named Kilolo Kijakazi, who was the Acting Commissioner of Social Security when she filed
    her Complaint on April 27, 2023, as a Defendant in this action.  (See ECF No. 1 at 1.)  Carolyn W.
    Colvin is now the Acting Commissioner of Social Security, and she is automatically substituted as a
28  party pursuant to Federal Rule of Civil Procedure 25(d).

                                        1

final decision of the Commissioner and remanding for further administrative proceedings. (See ECF No. 14.)

Now pending before the Court is a Joint Motion to award Plaintiff attorney fees in the amount of $5,100.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs in the amount of $402.00 under 28 U.S.C. § 1920.  (See ECF No. 16 ("Joint Mot.").)  The Joint Motion is a stipulation between the parties with respect to Plaintiff's EAJA attorney fees, and is unopposed.  (See id. at 2.)  For the reasons stated below, the Court **GRANTS** the Joint Motion and awards Plaintiff attorney fees of $5,100.00 and costs in the amount of $402.00.

## I.    DISCUSSION

### A.    Applicable Law

A litigant is entitled to attorney fees and costs under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005); see also 28 U.S.C. § 2412(a), (d).  The Court addresses these elements in turn below.

### B.    Prevailing Party

A plaintiff is a prevailing party if he or she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" Ulugalu v. Berryhill, Case No.: 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting Shalala v. Schaefer, 509 U.S. 292, 302 (1993)).  Here, there is no doubt that Plaintiff is the prevailing party—she demonstrated that the administrative law judge erred by failing to consider the impact of all of Plaintiff's medically determinable impairments when formulating Plaintiff's residual functional capacity ("RFC") and successfully moved to remand the instant matter to the Social Security Administration for further development of the record.  (See ECF No. 14 at 10–14.)

/ / /

/ / /

**C.    Substantial Justification and Special Circumstances**

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A).  See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).  The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).  When determining whether the government's position was substantially justified, courts consider "both the government's litigation position and the underlying agency action giving rise to the civil action."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified."  Gutierrez v. Barnhart, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (emphasis omitted).  "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing Flores v. Shalala, 49 F.3d 562, 566 (9th Cir. 1990)).

In this case, Defendant has not carried the burden of demonstrating that the Government's position was substantially justified or that an award of attorney fees under the circumstances would be unjust.  See id.  Defendant effectively concedes that the Government's litigation position had no reasonable basis in law or fact, and that there are no special circumstances that would make the award of attorney fees unjust. Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

**D.    Whether the Amount Sought is Reasonable**

The EAJA provides that courts may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished."  28 U.S.C. § 2412(d)(2)(A).  Additionally, courts generally defer to the winning lawyer's professional judgment as to how much time was required to complete the litigation.  See,

e.g., Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) ("'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain,'" and "[a]s a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112–13 (9th Cir. 2008)); see also id. at 1136 ("[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); Krebs v. Berryhill, Case No.: 16-CV-3096-JLS(BGS), 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal was a reasonable number of hours).

Here, the parties have reached an agreement as to the amount of fees, and presumably stipulate to their reasonableness.  (See Joint Mot. at 1–2.)  The Court concurs with this stipulation.[3]  Per Plaintiff's retainer agreement attached to the parties' Joint Motion, Plaintiff's counsel was entitled to receive up to twenty-five percent of Plaintiff's past due benefits if the litigation was successful.  (See ECF No. 16-1.)  Additionally, the Joint Motion stipulates to making the fees payable to Plaintiff to be assigned to his attorney and addresses offsets allowed under the US Department of the Treasury's Offset Program (see Joint Mot. at 2), as well as that "[f]ees shall be made payable to [Plaintiff], but if the Department of the Treasury determines that [Plaintiff] does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to the Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by [Plaintiff]."  (Id.)  Given that the parties have compromised to these additional terms, the Court concludes that they are also reasonable.

---

[3] The stipulated fee amount is also reasonable when compared with the itemized list of fees from Plaintiff's counsel, which notes 20.2 hours of billed attorney time and 4.15 hours of billed paralegal time totaling $5,684.17.  (See ECF No. 16-2.)

## II.    CONCLUSION AND ORDER

The Court concludes that Plaintiff is entitled to fees in this case and the parties' requested fees and terms are reasonable.  The Court accordingly **GRANTS** the Joint Motion (ECF No. 16), and awards Plaintiff attorney fees in the amount of five thousand and one hundred dollars ($5,100.00), as authorized by 28 U.S.C. § 2412(d), and costs in the amount of four hundred and two dollars ($402.00), as authorized by 28 U.S.C. § 1920, subject to the terms of the Joint Motion.

**IT IS SO ORDERED.**

Dated:  January 17, 2025

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

23cv770-LR